UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  26-cv-20114-EGT

LA VENSTON LAMONT HORNE,

        Plaintiff,

vs.

THE HONORABLE MIGUEL DE LA O, in his
Official capacity as Circuit Court Judge,

        Defendant.

_____/

## DEFENDANT THE HONORABLE MIGUEL DE LA O'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, THE HONORABLE MIGUEL DE LA O ("Defendant"), by and through his undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed. R. Civ. P. 12(b)(6) and S.D. Fla. L. R. 7.1, hereby files this Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, and in support thereof states as follows:

### I.    INTRODUCTION

Plaintiff, proceeding *pro se*, asserts claims under 42 U.S.C. § 1983 and the Fourteenth Amendment arising from an alleged state-court habeas corpus proceeding that occurred over twelve (12) years ago, in or about May 2013. *See generally* D.E. 1-2.  The Complaint, while suing the Defendant officially as a judge, provides absolutely no factual context or legal basis for the claims. Accordingly, and as aptly demonstrated herein, the Plaintiff's Complaint must be dismissed as a matter of law because (1) the Complaint is untimely; (2) the Defendant, who is not a "person" under Section 1983, is entitled to absolute judicial immunity; (3) the Plaintiff's claims are precluded by *Heck v. Humphrey*; and (4) the Complaint otherwise fails to state a plausible claim for relief.

## II.    PLAINTIFF'S ALLEGATIONS

More than twelve (12) years ago, according to his Complaint, Plaintiff allegedly filed an emergency petition for writ of habeas corpus in the Circuit Court for Miami-Dade County on or about May 1, 2013. D.E. 1-2 at 5. Plaintiff alleges in his pleading that Florida law required a habeas hearing within three (3) days of the filing of the petition unless additional time was requested. *Id.* Plaintiff also alleges that he did not request additional time and that the hearing was not conducted until May 24, 2013, approximately twenty-three (23) days later. *Id.* Plaintiff further claims that the alleged delay in conducting the habeas hearing proceeding violated Florida Supreme Court and Third District Court of Appeal precedent, including *Oaks v. Wainwright*, 305 So. 2d 1 (Fla. 1974), and *Shilling v. Herrera*, 952 So. 2d 1249 (Fla. 3d DCA 2007). D.E. 1-2 at 5. Plaintiff alleges that, under those authorities, compliance with the three-day hearing requirement was mandatory rather than discretionary, and this purported failure renders the habeas proceedings jurisdictionally defective. *Id.* at 5-6.

Based on these allegations, Plaintiff then alleges that the continued enforcement of state custody, supervision, or related conditions following the habeas ruling constitutes a violation of due process under the Fourteenth Amendment. D.E. 1-2 at 6. The sole named Defendant in this case, however, is The Honorable Miguel De La O. *See generally Id.* The Plaintiff specifies that the Defendant is being sued in his official capacity as a Circuit Court Judge. *Id.* at 5. Without any factual support in the pleading, Plaintiff alleges in a conclusory fashion that Judge De La O is somehow responsible for the continued enforcement of the allegedly unlawful restraint of liberty. *Id.* at 6. Likewise, the Complaint does not allege that Judge De La O even presided over

Plaintiff's habeas proceedings in 2013[1] or that he personally conducted the hearing or entered any challenged rulings. *Id.* at 5. This shotgun pleading is equally devoid of any dates or how specifically the Defendant is even related to this matter at all. *See generally id.* Rather, Plaintiff's claim against Judge De La O, in his official capacity, is related to the Defendant failing to invalidate a prior state-court habeas proceeding over twelve (12) years ago. *Id.* at 5-6.

As to his claims, Plaintiff asserts three (3) Counts in his Complaint. Under Count I, Plaintiff brings a claim under 42 U.S.C. § 1983 for alleged violations of due process based on unlawful restraint of liberty. D.E. 1-2 at 6. Count II seeks declaratory and injunctive relief, including an order declaring the state-court habeas rulings void, ordering immediate release from state supervision or related conditions, and prohibiting further enforcement of those restraints. *Id.* at 6-7. Lastly, Count III seeks monetary damages, including compensatory and punitive. *Id.* at 7.

## III.   MEMORANDUM OF LAW

### A.    Legal Standard

To satisfy the pleading requirements of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. 544 at 570). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions," however, will not do. *Id.* With respect to the Plaintiff, "*pro se* pleadings are held to a less stringent standard

---

[1] The Complaint expressly alleges that the habeas petition was received and adjudicated in May 2013 by another Jurist, not Judge De La O. D.E. 1-2 at 5. As set forth *supra*, the Complaint does not allege that Judge De La O presided over the alleged 2013 habeas proceeding. *Id.*

than pleadings drafted by attorneys and are liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (*citing GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

> **B.    Defendant is Absolutely Immune.**

In this matter, the Defendant is entitled to absolute judicial immunity, which provides a complete bar to Plaintiff's claims and this pleading. In this Circuit, it is well-established that a judge acting within the judicial capacity is entitled to absolute judicial immunity and is not subject to civil suits for damages unless he acted in the clear absence of all jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Absolute judicial immunity also applies regardless of whether the judge's actions were allegedly erroneous, malicious, or in excess of that authority. *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). The Eleventh Circuit has repeatedly reaffirmed that this immunity doctrine applies broadly to all claims arising from judicial acts performed within the scope of a judge's jurisdiction. *Id.* Within this jurisdiction scope, Courts have considered four (4) factors: (1) whether the act is of a judicial function; (2) the event occurred in the courtroom or spaces such as chambers; (3) whether it concerned a case pending; and (4) whether it arose around the judge in his or her official capacity. *Dykes v. Hoseman*, 776 F.2d 942, 946 (11th Cir 1985) (*en banc*).

Here, and despite its shotgun nature, Plaintiff's claims in this pleading arise entirely from actions (or inactions) taken in connection with a state-court habeas proceeding from 2013. Plaintiff names Judge Miguel De La O, a Circuit Court Judge officially, and seeks to hold him responsible for the alleged consequences of the state court's habeas rulings and for failing

allegedly to remedy what Plaintiff characterizes, albeit in a conclusory and shotgun fashion, as constitutional violations. However, what is clear is that presiding over habeas petitions, or conducting hearings, and/or issuing rulings are normal and quintessential judicial functions. The events of reviewing a case or conducting a hearing would consist of involving judicial chambers, a courtroom, or the normal judicial adjunct spaces. Plaintiff also fails to allege any facts establishing that Defendant acted in the clear absence of such defined jurisdiction, nor does Plaintiff allege that Defendant engaged in any non-judicial conduct related to his case. To the contrary, the Plaintiff specifies that this Defendant is being sued in his judicial capacity, "officially." D.E. 1-2 at 5.

Accordingly, Plaintiff's entire Complaint falls squarely within the scope of actions protected by absolute judicial immunity. Where, as here, judicial immunity is apparent from the face of the Complaint, dismissal at the pleading stage is not only appropriate but required as a matter of law. *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).   Although a *pro se* plaintiff must be given at least one chance to amend before a dismissal with prejudice unless the amendment is futile.   *Woldeab v. Deklab Cnty. Bd. of Educ.*, 885 F.3d 1289 (11th Cir. 2018). Based upon the foregoing, no amendment could pierce this absolute immunity as a matter of law, and Plaintiff's claims must be dismissed with prejudice.

### C.   Plaintiff's Claims are Untimely.

Despite being completely barred by absolute judicial immunity, Plaintiff's claims in his matter are also time-barred. Specifically, a district court may dismiss a Section 1983 complaint for failure to state a claim if the action would be barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 214 to 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). All constitutional claims brought under Section 1983 are tort actions subject to the statute of limitations governing personal injury actions in the state where the Section 1983 action has been

brought. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Florida, the applicable limitations period is four (4) years. Fla. Stat. § 95.11(3)(2025). A cause of action under Section 1983 also accrues when a plaintiff knows or has reason to know of the injury that is the basis of the action. *Karantsalis v. City of Miami Springs, Florida*, 17 F.4th 1316, 1322-23 (2021); *McGroarty v. Swearingen*, 977 F.3d 1302, 1309 (2020).

Although Plaintiff attempts to frame his claims as some ongoing constitutional violation, the allegations in the Complaint make clear that his alleged injury stems from events that occurred in connection with a state court habeas corpus proceeding in 2013. Plaintiff knew of the alleged wrong in 2013, had remedies at that time, and cannot revive a long-expired claim by suing a different judge years later. The Complaint itself confirms that the challenged conduct occurred, at the latest, in May 2013. Accordingly, it follows that the statute of limitations would have expired in May of 2017. Plaintiff did not file this action until 2025, well beyond the four-year limitations period.

### D.   Plaintiff's Official-Capacity Claims Fail Because Defendant is Not a "Person" Under § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both (1) a violation of a constitutional right and (2) that the alleged violation was committed by a "person" acting under color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The requirement that the defendant be a "person" within the meaning of Section 1983 is a threshold element of any such claim.

Plaintiff sues Defendant solely in his official capacity as a Florida Circuit Court Judge. An official-capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Florida Circuit Court Judges, when acting in their official capacities, are arms of the State of

Florida. *Uberoi v. Supreme Court of Fla.*, 819 F.3d 1311, 1313-14 (11th Cir. 2016); *Badillo v. Thorpe*, 158 F. App'x 208, 213-14 (11th Cir. 2005); *see also Zabriskie v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006) (observing that Florida's state court system is a state agency). Neither a State nor its officials acting in their official capacities are "persons" subject to liability under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Nor are arms or agencies of the State. *Id.* at 64; *Newton v. Duke Energy Fla., L.L.C.*, 895 F.3d 1270, 1278 (11th Cir. 2018). Accordingly, because Defendant is sued solely in his official capacity as an arm of the State of Florida, he is not a "person" within the meaning of Section 1983, and Plaintiff's Section 1983 claims fail as a matter of law.

### E.   Plaintiff's Claims are additionally barred by *Heck v. Humphrey*.

Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff bringing a claim under 42 U.S.C. § 1983 must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The Supreme Court further explained that when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the Section 1983 action must be dismissed unless the plaintiff can demonstrate that one of those conditions has been satisfied. *Id.* at 487. This rule applies not only to direct challenges to a conviction or sentence, but also to claims for damages that, if successful, would necessarily imply the invalidity of the fact or duration of confinement. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

Here, Plaintiff seeks compensatory, punitive, and statutory damages based on the theory that defects in a state court habeas proceeding rendered his continued confinement unconstitutional. Plaintiff alleges that the denial of habeas relief following the May 2013 hearing resulted in an unlawful restraint of his liberty and seeks monetary damages for that alleged unconstitutional confinement. Each category of damages Plaintiff seeks in this matter rests on the premise that his alleged confinement and the state court's habeas rulings were invalid. Any judgment in Plaintiff's favor on these damages' claims would consequently and necessarily concern the invalidity of his confinement. Plaintiff also fails to claim that his conviction or confinement has been reversed on his direct appeal, or expunged by executive order, or declared invalid by a state tribunal authorized to make such determination, or called into question by the issuance of a federal writ of habeas corpus. Because Plaintiff cannot satisfy the conditions identified in *Heck*, his claims for damages under Section 1983 are not cognizable and must therefore be dismissed. *Heck*, 512 U.S. at 486-87.

### F.     Plaintiff's Complaint is an Impermissible Shotgun Pleading and Fails to State a Plausible Claim.

The Complaint should be dismissed for the final and independent reason that it constitutes an impermissible shotgun pleading and fails to state a claim for relief that is plausible on its face. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this matter, the Plaintiff relies almost entirely on conclusory assertions that Defendant violated his constitutional rights, without alleging specific factual content showing how Defendant personally engaged in conduct giving rise to liability under 42 U.S.C. § 1983. Plaintiff does not plead facts permitting a reasonable inference that Defendant is liable for the misconduct

alleged. Instead, the Complaint offers scant legal conclusions, generalized grievances regarding state-court proceedings, and assertions of entitlement to relief untethered from well-pleaded factual allegations. Additionally, the Complaint includes allegations that are unrelated to Defendant or to any actionable federal claim, further obscuring the basis for Plaintiff's causes of action. Such pleading fails to give Defendant fair notice of the claims against him and the grounds upon which they rest, and it stops short of the line between possibility and plausibility required under *Iqbal*. 556 U.S. at 678.

Although *pro se* pleadings are construed liberally, that leniency does not permit a plaintiff to rely on conclusory allegations or require the Court to rewrite an otherwise deficient complaint to sustain an action. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Because Plaintiff fails to allege sufficient factual content to support a plausible Section 1983 claim against Defendant, dismissal is warranted and with prejudice as stated above.

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint must be dismissed in its entirety with prejudice. Plaintiff's shotgun claims allegedly arise from a state-court habeas proceeding that occurred more than twelve (12) years ago, which is barred by multiple, independent grounds, including absolute judicial immunity.  As stated above, no amendment can cure these deficiencies, and the Defendant requests that the Plaintiff's Complaint be dismissed with prejudice. A proposed Order shall be submitted as required under the Local Rules.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone:     (954) 463-2001
Facsimile:     (954) 463-0410
Counsel for Defendant, The Honorable Miguel De
La O

/s/Christopher J. Whitelock
Christopher J. Whitelock
Florida Bar No. 067539
Jessalynn R. Kantzavelos
Florida Bar No.  117926

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day, via email, to the Plaintiff.

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

## SERVICE LIST

La Venston Lamont Horne
1270 NE 112th Street
Miami, FL  33161
email:  iamlavenstonhorne@gmail.com